UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Case No. |
| | ) | 5:18-cr-010-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| RALPH E. NEAL, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |
| | ) | |

***

Defendant-Movant Ralph Neal appeals a magistrate judge's order to pay restitution in the amount of $1,543.86. [DE 15]. Neal was convicted on misdemeanor charges of disorderly conduct and ordered to pay the restitution after a trial to the magistrate judge. [DE 7]. This Court **AFFIRMS** the magistrate judge's ruling.

I. **Background**

While looking for a parking spot in the Lexington VA Medical Center parking garage, Neal encountered Allen Reams. Reams was driving a truck in the wrong direction in the parking garage as he tried to exit. Neal attempted to alert Reams, but the two came to a standstill. [DE 13, p. 23].

Reams testified at trial that Neal then exited his car and walked toward Reams's truck. [*Id.*]. At that point, Reams

1

testified, Neal hit Reams twice in the face, kicked the side and front of the truck, and hit the side and front fender on the truck with his hand. [*Id*.]. Reams also claimed that Neal dislodged a fog light on the vehicle. [*Id*.]. Neal disputed this account. He testified that he approached Reams's vehicle and put his hands on the window when Reams grabbed Neal's fingers. [*Id*. at 63–66]. Neal claimed he swung at Reams, but never made contact. [*Id*.]. Neal said he pushed on Reams's vehicle when Reams began to drive forward again and Neal was in danger of being hit. [*Id*.].

In any event, Reams eventually left the VA parking garage and contacted VA Security. [*Id*. at 25–26]. He returned to the facility at the request of law enforcement. [*Id*.]. VA Police Officer Joshua Holland wrote Neal a citation for disorderly conduct. [*Id*. at 5-6]. Holland also testified that Reams did not report damage when he came back to the VA; Holland discovered the damage when he looked at Reams's truck. [*Id*. at 21, 30].

Reams later took his vehicle to a body shop when he learned his vehicle needed significant repairs. [*Id*. at 23–24]. Reams testified that his vehicle had been hit about six months prior in the same parking garage, but he had the damage repaired. [*Id*. at 31]. Before the incident with Neal, the vehicle had only some damage to the right and left rear fender after being hit twice in the parking lot, according to Reams's testimony. [*Id*.].

2

A couple also reported observing the disturbance. Pamela and Michael Kinney spoke with Officer Holland and also testified at trial. [*Id.* p. 7]. The Kinneys were two cars behind Neal when the commotion occurred. [*Id.* at p. 42].

Mrs. Kinney testified that she witnessed someone "bang on [Reams's truck] with his hands a couple times." [*Id.* at 41]. She did not see the suspect kick the vehicle, hit a rearview mirror, or physically attack Reams. [*Id.* at 44]. She also did not see anyone hit the truck toward the front hood or fender—she saw a person hit only the door. [*Id.* at 45]. Mrs. Kinney testified that she could not identify Neal as the person who hit the truck. [*Id.* at 45-46, 47].

Mr. Kinney testified he saw an individual slam the hood of the truck. [*Id.* at 49]. He also stated that he saw the individual hit the car near "[w]here the engine is." [*Id.* at 53].

At trial, the government attempted to admit, through Reams, invoices from ARMS, a rental car company, and from Hadawreck Body Shop. [*Id.* at 26-27; Gov. Exh. 3]. Reams testified that the companies sent the documents to him to get services rendered to his car. [DE 13, pp. 26-27]. The prosecution asked Reams if the totals listed in the documents were accurate, to which Reams responded they were. [*Id.* at 27]. Reams then testified that he had an insurance policy and had to pay a $500 deductible to the

3

body shop and "the insurance company took care of the rest." [*Id.*].

The government then attempted to admit the exhibit, and defense counsel objected. [*Id.*]. The defense did not object "to the extent that they proved what is paid out of pocket." [*Id.*]. The objection did cover the extent to which the invoices showed the work done and cost because "it's difficult for [Reams] to authenticate the contents" of the invoice. [*Id.*]. The magistrate judge asked Reams if those were the receipts and bills he had received. [*Id.*]. Reams said yes, and the exhibit was admitted. [*Id.* at 27-28].

After the close of evidence, the magistrate judge found Neal guilty and imposed a sentence of eighteen months of probation and $1,543.86 in restitution. [*Id.* 79-91]. The magistrate judge based restitution on amounts "reflected in the exhibits." [*Id.* at 89]. The judgment also reflected restitution in the amount in the exhibits. [DE 7, p. 3].

Neal timely filed a Notice of Appeal to the District Court under Federal Rule of Criminal procedure 58(g). [DE 9, 10]. Neal argues that the invoices were hearsay and improperly admitted and thus the restitution amount imposed by the magistrate judge was in error. [DE 15]. The government responded [DE 16], and Neal replied [DE 17] making this matter ripe for review.

4

II. **Standard of Review**

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402; *see also* Fed. R. Cr. P. 58(g)(2)(B). "The defendant is not entitled to a trial de novo by a district judge." Fed. R. Cr. P. 58(g)(2)(D). "The scope of the appeal is the same as in an appeal to the court of appeals form a judgment entered by a district judge." *Id*.

The Court of Appeals for the Sixth Circuit reviews evidentiary rulings for abuse of discretion. *United States v. Porter*, 886 F.3d 562, 566 (6th Cir. 2018). "An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the trial court committed a clear error of judgment." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014) (quoting *United States v. Hunt.*, 521 F.3d 636, 648 (6th Cir. 2008)).

III. **Analysis**

"Any dispute as to the proper amount of type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e). "The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the government." *Id*.

Here, the government used the invoices, introduced through Reams, to prove the amount of restitution. Defendant objected and now argues that the invoices amounted to hearsay and fit into no exceptions. Neal argues that the trial court erred in ordering restitution because the "documents admitted for proof of restitution were inadmissible hearsay." [DE 15, p. 5]. Neal also argues that without the billing statements "the government failed to meet its burden proving the restitution owed." [*Id.* at p. 6].

But even assuming that the invoices amount to hearsay, Neal's arguments fail. The court imposed restitution as part of Neal's sentence after finding him guilty of the crime charged. Neal appeals only the order of restitution—not his conviction. And district courts may consider hearsay when imposing a sentence. *See United States v. Hadley*, 431 F.3d 484, 411 (6th Cir. 2005); *United States v. Silverman*, 976 F.2d 1502, 1511 (6th Cir. 1992) (en banc). After all, the Federal Rules of Evidence do not apply to sentencing proceedings. Fed. R. Evid. 1101(d)(3); *United States v. Santana*, 723 F. App'x 331, 337 (6th Cir. 2018) (ruling judges "are not bound to rules of evidence" in sentencing and "thus hearsay is permissible.").

For a judge to consider hearsay at sentencing, the evidence needs only "some minimum indicia of reliability." *United States v. Darwich*, 337 F.3d 645, 656 (6th Cir. 2003). This is a

"relatively low hurdle." *Santana*, 723 F. App'x at 337 (quoting *United States v. Greene*, 71 F.3d 232, 235 (6th Cir. 1995)). The billing statements here easily meet the minimum indicia of reliability, especially since Reams testified that those amounts reflected what he was billed. There are no indications that the invoices are untrustworthy, and no basis for finding the magistrate judge committed an abuse of discretion.

Thus, the trial court could rely on the billing statements to impose restitution even if they are hearsay, and Neal's argument fails.

**IV. Conclusion**

For the reasons stated herein, **IT IS ORDERED** that the magistrate judge's order of restitution is **AFFIRMED**.

This the 12th day of July, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge